**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>CHIEF MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

December 18, 2024

LETTER TO COUNSEL:

    RE:   *Catharine E. v. Carolyn W. Colvin, Acting Comm'r of Social Security*[1]
           Civil No. TJS-24-0265

Dear Counsel:

    On January 26, 2024, Plaintiff Catharine E. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 13. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the parties' submissions, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). For the following reasons, I will deny the claimant's motion and grant the Acting Commissioner's motion.

    Catharine E. filed her application for DIB on April 13, 2021. Tr. 17. She alleged a disability onset date of May 1, 2018. *Id.* Her application was denied initially and upon reconsideration. *Id.* At her request, a hearing was held before an Administrative Law Judge ("ALJ"), and the ALJ issued a written decision denying her claim for disability. Tr. 17-28. The Appeals Council denied Catharine E.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

    The ALJ evaluated Catharine E.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Catharine E. had not engaged in substantial gainful activity since August 29, 2019. Tr. 19. At step two, the ALJ found that Catharine E. suffered from the following severe impairments: depressive disorder, anxiety disorder, and epilepsy. *Id.* At step three, the ALJ found Catharine E.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment under 20

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn Colvin is substituted for Martin O'Malley as the defendant in this case.

    [2] This case was previously assigned to Judge Austin. It was reassigned to me on September 30, 2024.

C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 20-21. The ALJ determined that through the date last insured, Catharine E. retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she can occasionally climb ramps or stairs, never climb ladders ropes, or scaffolds, frequently balance, stoop, or kneel, and occasionally crouch or crawl. She must avoid work at unprotected heights or around dangerous moving machinery (i.e., Forklifts). She must avoid concentrated exposure to extreme cold, heat, and wet or humid conditions, as well as to fumes, odors, dusts, gases, or other environmental irritants. She is able to understand and carry out simple instructions and routine, repetitive tasks. She is able to apply commonsense understanding to carry out detailed, but involved instructions. She must avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where coworkers are side-by-side and the work of one affects the work of the others). She is able to perform work activities for up to 2 hours at a time, but would then become distracted, causing her to be off task. However, time off-task can be accommodated with normal breaks. She is occasionally able to change activities or work settings during the workday without it being disruptive and is occasionally able to deal with changes in a routine work setting. She is able to have frequent interaction with supervisors, coworkers, and/or the general public.

Tr. 22.

At step four, the ALJ determined that Catharine E. could not perform any past relevant work. Tr. 26. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there were jobs in significant numbers in the national economy that Catharine E. could perform, including grocery bagger, dining room attendant, and stocker. Tr. 27. Accordingly, the ALJ found that Catharine E. was not disabled from August 19, 2019, through May 11, 2023 (the date of the decision). *Id.*

Catharine E. presents a number of arguments as to why the ALJ's decision is not supported by substantial evidence and is based on the wrong legal standards. ECF No. 11. The Court will address each argument in turn.

Catherine E. first argues that the ALJ did not properly assess her RFC, and that the ALJ's RFC is unsupported by substantial evidence. ECF No. 11 at 3-15. A claimant's RFC represents the most they can still do despite their limitations. 20 C.F.R. § 404.1545(a). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 SSR LEXIS 5, *1 (July 2, 1996). A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* When evaluating a claimant's RFC, an ALJ must include a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). In doing so, an ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22,

2019) (internal quotation marks and citation omitted). The narrative discussion must show "how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7. Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding on the claimant's RFC. Id.; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Catharine E. argues that the ALJ failed to provide a narrative discussion showing a function-by-function assessment of her work-related abilities. ECF No. 11 at 3-15. She argues that the ALJ did not explain how the evidence supported each of the findings in the RFC determination, and otherwise performed a "symptom-based analysis." *Id.* at 8, 13. The Court disagrees. The ALJ's decision provides a thorough discussion of the claimant's medical history, including the claimant's subjective complaints, treatment records, and medical opinions. An ALJ is not required to annotate their RFC findings, or explain line-by-line how each piece of evidence does (or does not) translate into an RFC limitation. Reading the ALJ's decision as a whole, and considering the evidence incorporated by citation, the Court finds the decision to be a well-reasoned explanation of Catharine E.'s abilities and limitations relevant to performing work.

Relying on principles articulated in *Mascio*, Catharine E. argues that the ALJ failed to account for her moderate limitations in concentration, persistence, and pace. She contends that the ALJ's finding limiting her to performing work in two-hour intervals interrupted by normal breaks is insufficient to account for these limitations. In support of this argument, she cites other cases where this Court has held that a restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, at least without additional explanation. ECF No. 11 at 9-11 (citing *John A. v. O'Malley*, No. CDA-23-905, 2024 WL 1465925, at *8-10 (D. Md. Apr. 4, 2024); *Lopez v. Berryhill*, No. TJS-17-2315, 2018 WL 4908276, at *2 (D. Md. Oct. 10, 2018)).

But Catharine E. neglects another line of cases holding that the inclusion of a limitation against defined production-paced jobs is sufficient to account for moderate limitations in concentration, persistence, and pace. *See, e.g.*, *Andrew P. v. O'Malley*, No. CDA-23-2443, 2024 WL 4288063, at *7 (D. Md. Sept. 25, 2024) ("While the RFC did not adequately account for Plaintiff's moderate CPP difficulties by accommodating for time off task with normal scheduled breaks, the RFC did account for Plaintiff's CPP issues by precluding him from performing 'production paced jobs.'"); *Kevin R. v. Kijakazi*, No. BAH-22-2985, 2023 WL 5831182, at *4 (D. Md. Sept. 8, 2023) (explaining that while an RFC restriction precluding the claimant from performing "high-quota production-rate pace" work was sufficient to account for the claimant's limitations in concentration, persistence, and pace). The Court is persuaded by the reasoning of this line of cases. Applying it here, the Court finds that the ALJ's RFC determination adequately accounts for the claimant's moderate limitations in concentration, persistence, and pace inasmuch as it limits her from performing "work requiring a high-quota production-rate pace (i.e., rapid assembly line work where coworkers are side-by-side and the work of one affects the work of the others)." Tr. 22.

Catharine E. argues that the ALJ erred in failing to properly evaluate the opinion of State

Agency physicians that noted her difficulties with "long-term consistency of performance," which are reflected in her ability to pay attention, concentrate, follow schedules, and sustain consistent pace on a week-to-week basis. ECF No. 11 at 11-12. This argument is without merit. The ALJ discussed and largely adopted the opinions of the State Agency mental health consultants. Tr. 25. The ALJ only disagreed with the consultants' opinions insofar as they did not sufficiently account for the claimant's abilities in memory, adaptation, and management. Because the ALJ found Catharine E. to be even more limited than the consultants found her, any error in this regard is harmless.

Catharine E. argues that the ALJ improperly evaluated her subjective complaints. ECF No. 11 at 15-21. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. § 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. *Id.* § 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate how much the symptoms limit the claimant's capacity to work. *Id.* § 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Social Security Administration*, 983 F.3d 83, 97 (4th Cir. 2020); *see also Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 361 (4th Cir. 2023) (holding that symptoms of major depressive disorder, like those of fibromyalgia, are "entirely subjective" and ALJs may not rely on objective evidence to discredit a disability claimant's subjective complaints regarding symptoms of depression). In other cases, the ALJ may consider that objective evidence, or lack thereof, along with other evidence. 20 C.F.R. § 404.1529(2). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* A claimant may rely exclusively on subjective evidence to prove how much their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ properly considered Catharine E.'s subjective complaints, including those related to depression. While acknowledging the severity of her impairments, the ALJ also noted that her treatment since 2019 has been conservative, with symptoms generally managed in outpatient settings. Tr. 23. The ALJ credited evidence that Catharine E.'s anxiety and depression have been largely linked to stress related to her seizure disorder, which itself has improved over time and with treatment. Tr. 24. The ALJ did not reject or diminish Catharine E.'s subjective complaints because of a lack of objective evidence, or because of objective evidence that contradicted her complaints. Instead, the ALJ properly considered the claimant's reports to her treatment providers over time, and noted her improvement with medication and treatment. Catharine E. may disagree with the ALJ's findings, but this Court is not permitted to reweigh the evidence in order to reach a different conclusion.

Finally, Catharine E. argues that the ALJ improperly extrapolated her ability to perform work on a regular and continuing basis from her intermittent daily activities. ECF No. 11 at 19-21. The Court does not find that the ALJ's analysis was improper. The ALJ's discussion of Catharine E.'s activities of daily living was one piece in a mosaic of evidence that the ALJ discussed in considering her ability to work. Tr. 24. The ALJ did not infer that Catharine E. is able to work because she attended a birthday party or because she helps care for her child. Rather, the ALJ used her activities of daily living to demonstrate that Catharine E.'s abilities to engage in normal activities "have been largely functional through the relevant period." *Id.* Considering these activities in the context of other evidence, including the claimant's subjective complaints and treatment record over time, the Court finds no error.

For the reasons set forth herein, Catharine E.'s Motion for Summary Judgment (ECF No. 11) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 13) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                  Sincerely yours,

                                                  /s/
                                                Timothy J. Sullivan
                                                Chief United States Magistrate Judge